UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CIVIL ACTION NO. 06-10007 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| JAMES ELLIS ASHFORD | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss his attorney [Robert Marin] [Doc. # 23] in which defendant states his desire to represent himself.

Defendant applied for court appointed counsel and the court appointed the Federal Public Defender to represent defendant. This motion was filed on February 1, 2007 and a hearing held on March 21, 2007 before me.

At the hearing defendant was placed under oath and was reminded of his right to remain silent. He was then questioned by the court as to his mental capacity, prior mental health, age, education and literacy and trial experience.

It was then explained to defendant that under the United States Constitution and federal law he has a right to represent himself, Faretta v. California, 95 S. Ct. 2525 (1975); 28 U. S. C. §1654. However, defendant's decision to waive counsel must be made knowingly, intelligently and voluntarily. With that in mind, I undertook to establish whether defendant would be allowed to waive counsel.

First, the defendant was advised again of the charges against him and of the maximum possible penalties. The court reiterated the information provided to defendant at his arraignment. U. S. v. Farhad, 190 F.3d 1097 (9th Cir. 1999).

Then the court explained to defendant the benefits a lawyer could provide, including, but not limited to, the lawyer's superior knowledge, education, training and experience, availability of investigatory aids and legal research and ability to make meaningful objections, cross-examine witnesses, present testimony and decide whether or not defendant should take the stand an testify at trial. Many other benefits of having a lawyer present were explained to the defendant, as reflected in the record of the proceeding.

In addition, it was explained to defendant that if he were allowed by this court to proceed pro se that he would be required to follow rules of procedure in the court and the rules of evidence and that the court could not and would not assist him or guide him as to the law or procedure or give him legal advice. Finally, it was explained to him that the court can terminate his right to represent himself if he engages in abusive or obstructionist behavior. Defendant was also advised of his right to employ standby counsel and defendant advised that he desires standby counsel be appointed.

The court strongly recommended to defendant that he not

represent himself.

At the conclusion of the hearing, defendant advised the court that he understood the court's explanations and had no questions concerning the explanations of his rights with regard to waiver of counsel. I then advised defendant that I would recommend to the district judge that he be allowed to represent himself.

Defendant declined standby counsel [See McKaskle v. Wiggins, 104 S.Ct. 944 (1984)].

## Conclusion

IT IS RECOMMENDED that the defendant's motion to represent himself be GRANTED and that Mr. Marin be relieved of his duties as court appointed counsel for defendant.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21st day of March, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE